

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-16,817-09

### EX PARTE BENITO VASQUEZ DIAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR22946-A IN THE 35TH DISTRICT COURT
### FROM BROWN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest and sentenced to thirty-seven years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel threatened Applicant that, if Applicant did not accept the State's plea offer, the State would seek a deadly weapon finding. Applicant also contends that counsel refused to seek a continuance in order to prepare for trial. Applicant also alleges that counsel did not, upon Applicant's request, timely accept the State's first plea bargain offer of twenty-five years. Applicant has alleged facts that, if true, might entitle him

to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish